MICHAEL NOLAN, Respondent, *v.* OHIO AND MISSISSIPPI RAIL-ROAD COMPANY, Appellant.

*Corporations, Railroad—Evidence—Witness.*—By the law of this State, a passenger upon a railroad whose baggage has been lost, may be a witness to prove the contents and value of the baggage lost—R. C. 1855, p. 435, § 45.

*Appeal from St. Louis Law Commissioner's Court.*

*Haussler* and *Martin,* for appellant.

*Shreve* and *Saunders,* for respondent.

FAGG, Judge, delivered the opinion of the court.

This was a suit by the respondent against the appellant, instituted in the Law Commissioner's Court of St. Louis, for the value of a carpet-sack lost by the negligence of the agents and servants of said company. There was a judgment against the company for the value of the baggage so lost, and the case brought here by appeal. Upon the trial, the plaintiff himself was introduced as a witness to prove the contents of the carpet-sack and the value thereof, and the admission of this testimony presents the only subject of consideration here. Even if this question was not settled by the provisions of our statute law, the weight of authority seems to be in favor of the admissibility of such testimony upon general principles. No principle of law is better settled, however, than that the forms of remedies and the modes of proceedings (including, of course, the rules of evidence) must be regulated solely and exclusively by the *lex fori.* The statute regulating the formation of railroad associations (R. C. 1855, p. 435, § 45) expressly declares that when baggage has been lost in the manner stated in this suit, the owner "shall recover the value

thereof, and may himself be a witness to prove the contents and value of his baggage." The suit being brought in this State, it is clear that the whole proceeding must be regulated by its laws.

The other judges concurring, the judgment of the court below will be affirmed, with ten per cent. damages.